IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINALD RENARD MACON, # 175196 , | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13cv906-WHA |
| | ) | (WO) |
| STATE OF ALABAMA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Reginald Renard Macon ("Macon") on December

5, 2013.[1]  Doc. No. 1.  Macon challenges his concurrent life sentences as a habitual felony

offender imposed upon his 1993 convictions in the Circuit Court of Houston County for first-

degree sexual abuse and first-degree theft of property.  He contends that the State failed to

give him adequate notice of its intention to invoke the habitual offender statute at sentencing

and then failed to adequately prove his prior convictions.  *Id*. at 17-25.  The respondents

answer that Macon's petition is barred from review by the limitation period applicable to §

2254 petitions, *see* 28 U.S.C. § 2244(d), because he failed to file the petition within the

---

[1] Although Macon's petition was stamped as received in this court on December 10, 2013, it was signed by Macon on December 5, 2013.  Doc. No. 1 at 14.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th  Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Macon] signed it...."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

one-year "grace period" running from enactment of the Antiterrorism and Effective Death Penalty Act (the "AEDPA") on April 24, 1996. Doc. No. 9 at 5. After due consideration of the pleadings, evidentiary materials, and applicable law, the court concludes that no evidentiary hearing is required and that Macon's petition should be denied as untimely.

## II.   DISCUSSION

### *AEDPA's Limitation Period*

Title 28 U.S.C. § 2244(d) of the AEDPA provides the statute of limitations for federal habeas petitions and states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Macon pled guilty to first-degree sexual abuse and first-degree theft of property on December 6, 1993. Resp'ts. Ex. A. On that same date, Macon was sentenced as a habitual felon to concurrent terms of life in prison. *Id*. He undertook no direct appeal.

Section 2244(d)(1)(A) provides that the limitation period for filing a § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. 28 U.S.C. § 2244(d)(1)(A). Because Macon failed to undertake the direct appeal process, he was not entitled to petition the United States Supreme Court for review of his conviction. By operation of law, his conviction became final on January 17, 1994 – 42 days after sentencing – as that was the date on which his time to seek direct review expired. *See* Ala.R.App.P. 4(b)(1); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002).

The AEDPA became effective on April 24, 1996. The Eleventh Circuit has held that application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like Macon, whose convictions became final prior to the effective date of the AEDPA "would be unfair, and impermissibly retroactive." *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998); *see also Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). Prisoners in this position must be allowed "a reasonable time" after enactment of § 2244(d)'s one-year limitation period to file their § 2254 petitions. *Wilcox*, 158 F.3d at 1211 (citing *Goodman*, 151 F.3d at 1337). A "reasonable time" is one year from

the AEDPA's effective date of April 24, 1996. *Goodman*, 151 F.3d at 1337; *Wilcox*, 158 F.3d at 1211. Thus, Macon had until April 24, 1997, to file a timely § 2254 petition, unless the limitation period was tolled at some point between April 24, 1996, and April 24, 1997.

*Statutory Tolling*

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). The record reflects that around December 6, 1994, Macon filed a state petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure challenging his theft conviction and that, around that same date, he filed a separate Rule 32 petition challenging his sexual-abuse conviction. *See* Resp't's Ex. C at 1-3. The trial court denied those petitions, (*id*.), and Macon appealed. In May 1995, the Alabama Court of Criminal Appeals dismissed Macon's appeal for failure to prosecute after Macon failed to file an appellate brief (*id*. at 2). Macon filed no other state post-conviction petitions challenging his convictions and sentence between April 24, 1996, when the one-year "grace period" recognized in *Goodman* and *Wilcox* began to run, and April 24, 1997, when the limitation period expired after running unabated for one year.

Although Macon later filed two more state post-conviction petitions challenging his convictions and sentence – one in September 2011 and the next in November 2012[2] – those

---

[2] *See* Resp't's Ex. B at 3; Resp't's Ex. D; and Resp't's Ex. E at 2-23. Those petitions were summarily denied by the trial court. Macon appealed the denial of the November 2012 petition,

filings had no tolling effect under § 2244(d)(2), because the one-year federal limitation period had expired long before those petitions were filed.  *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

The tolling provisions of § 2244(d)(1)(B)-(D) also do not provide safe harbor for Macon such that the federal limitation period commenced on some date later than April 24, 1996.  There is no evidence that any unconstitutional or illegal State action impeded Macon from filing a timely § 2254 petition.  *See* 28 U.S.C. § 2244(d)(1)(B).  Macon presents no claim that rests on an alleged "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).  Finally, he submits no grounds for relief for which the factual predicate could not have been discovered at an earlier time "through the exercise of due diligence."  *See* 28 U.S.C. § 2244(d)(1)(D).

*Equitable Tolling*

The federal limitation period may be equitably tolled on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  *See Holland v. Fla.*, 560 U.S. 631

---

and the Alabama Court of Criminal Appeals affirmed the trial court's judgment.  Resp'ts Ex. F.

(2010).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner."  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Macon suggests he is entitled to equitable tolling because, he says, his lack of knowledge in the law caused him to depend on the assistance of another inmate or "jailhouse lawyer" to prepare his § 2254 petition and that inmate was transferred to another institution, necessitating that he obtain assistance from someone else in preparing his petition.  Doc. No. 12 at 3-4.  However, a petitioner's *pro se* status, ignorance of the law, and lack of legal assistance are insufficient grounds on which to toll the limitation period.  *See Felder v. Johnson,* 204 F.3d 168, 171-73 (5th Cir. 2000) (ignorance of the law is insufficient rationale for equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling"); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000) (same).

Moreover, as to this claim, Macon does not establish that he acted diligently in trying to file a timely habeas petition.  In particular, he does not allege when he first sought the assistance of a fellow inmate in drafting his § 2254 petition, when that inmate was transferred, or what steps, if any, he took to try to pursue his post-conviction remedies before seeking assistance from his fellow inmate.  Consequently, Macon is not entitled to equitable tolling.  *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701-02 (11th Cir. 2004).

6

Here, the one-year limitation period for Macon to file his § 2254 petiton expired on April 24, 1997.  Because he did not file his § 2254 petition until December 5, 2013, his petition is time-barred.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED with prejudice and this case dismissed, because the petition was not filed within the one-year "grace period" running from enactment of the AEDPA and is time-barred under the limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner.  The petitioner is DIRECTED to file any objections to this Recommendation on or before February 15, 2016.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th

Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 2nd day of February, 2016.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE